FILED BY ___ D.C.

05 AUG 31 PM 5:31

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CAROLYN COVINGTON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | No. 98-2969 (DA) |
| V. ) | |
| ) | |
| MCI TELECOMMUNICATIONS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant ) | |

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND TO ATTACH BOND AND DENYING DEFENDANT'S CROSS-MOTION TO DISMISS AND TO RELEASE SUPERSEDEAS BOND

---

Before the Court is Plaintiff Carolyn Covington's ("Covington" or "Plaintiff") motion (dkt. #149) for declaratory relief and to attach the supersedeas bond pending a new trial, as ordered by the Sixth Circuit Court of Appeals. Also before the Court is Defendant MCI Telecommunications ("MCI" or "Defendant")'s cross-motion (dkt. #151) to dismiss and to release the supersedeas bond. For the reasons stated herein, Covington's motion is **GRANTED** and MCI's cross-motion is **DENIED**.

### I. BACKGROUND FACTS

On November 5, 1998, Plaintiff filed a complaint in this Court alleging that Defendant discriminated against her on the basis of race, sex, and age. On May 19, 2000, a jury returned a verdict in favor of Plaintiff. On September 12, 2000, the Court entered judgment for Plaintiff for

1

This document entered on the docket sheet in compliance with Rule 58 and /or 79(a) FRCP on _____

$939,417.00. When the Court denied Defendant's post-trial motions, Defendant appealed, posting a supersedeas bond for $981,972.59. While the appeal was pending, MCI filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The appeal was stayed but the parties filed a Stipulation to lift the stay, allowing the matter to proceed through appeal, since the bond was available to satisfy the judgment.

On March 26, 2004, the Sixth Circuit Court of Appeals reversed this Court's Order denying Defendant's motion for a new trial as to liability and remanded for a new trial. On October 29, 2004, Plaintiff filed the instant motion for declaratory relief and to attach the supersedeas bond. On November 15, 2004, Defendant filed the cross-motion to dismiss and to release the supersedeas bond.

## II. ANALYSIS

Plaintiff asserts that the terms of the supersedeas bond require that the bond remain in effect pending the new trial remanded by the Sixth Circuit. Specifically, Plaintiff avers that the bond must remain in effect until the Defendant satisfies judgment in full. Because that has not happened, Plaintiff contends that the terms of the bond require that it remain in effect until all appeals are exhausted. Defendant, on the other hand, argues that the bond expired when the Sixth Circuit reversed judgment and remanded for a new trial.

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, 600 F.2d 1189, 1190-91 (5th Cir. 1979). Because no federal statutes or rules govern the obligations under supersedeas bonds, courts must look to the terms of the bond at issue to determine the extent and conditions of the bond. See Beatrice Foods Co. v. New England Printing

2

and Lithographing Co., 930 F.2d 1572, 1574 (Fed. Cir. 1991).

The bond states that if the Defendant "shall prosecute its appeal and shall satisfy the judgment in full . . . if the appeal is finally dismissed and if the judgment is affirmed, . . . or as modified . . . as the Court of Appeals may adjudge and award, this obligation shall be void; otherwise it shall remain in full service and effect." It is clear from the terms of the bond that if the Sixth Circuit had affirmed or modified the judgment of this Court, Defendant would have been obligated under the bond. Additionally, had the Sixth Circuit reversed the judgment of this Court, the Defendant's obligations under the bond would have been satisfied. Because the Sixth Circuit reversed and remanded, however, the express language of the bond is not clear.

Plaintiff argues that the Stipulation that was filed in Bankruptcy Court in order to lift the automatic stay demonstrates the intent of the parties. The Stipulation provides that "[i]n the event of a remand, both parties reserve all appellate rights with respect to any subsequent judgment or order of the District Court on remand, including, but not limit to, attorneys fees and/or costs." This clearly expresses the intent of the parties that the stay was to extend through a new trial upon remand.

Defendant contends that the Sixth Circuit's decision was a final judgment, thus leaving nothing for the bond to secure. However, the stipulation specifically declares that the Sixth Circuit's decision would be a final adjudication "provided that the Sixth Circuit does not remand the case to the District court for further proceedings." As the Sixth Circuit did remand, the Stipulation makes clear that the stay is to remain open. Had the Sixth Circuit wanted to finalize judgment, it would have simply reversed the judgment of this Court. Instead, it remanded the case for further proceedings. Thus, the action is still pending before this Court and final judgment is yet to be

3

reached. Considering that the purpose of the bond is to ensure that judgment can be paid once it has been reached, and especially considering Defendant's precarious financial position, the Court holds that the supersedeas bond must remain in effect until such final judgment has been determined.

Defendant asserts, however, that this Court does not have jurisdiction over this matter because bankruptcy law states that a confirmed plan binds both debtor and creditors. See 11 U.S.C. § 1141(a). However, Title 11 does not remove jurisdiction from the district courts. Moreover, in the instant case, the Stipulation which was accepted by the Bankruptcy Court expressly lifted the automatic stay and permitted the case to proceed in this Court. Accordingly, the Court finds that it has jurisdiction over this matter.

### III. CONCLUSION

Based on all the foregoing, Plaintiff's motion for declaratory relief and to attach the supersedeas bond is **GRANTED** and Defendant's cross-motion to dismiss and to release the supersedeas bond is **DENIED**.

**IT IS SO ORDERED** this 31 day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 156 in case 2:98-CV-02969 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Karyn C. Bryant
BOULT CUMMINGS CONNERS & BERRY
1600 Division Street
Ste. 700
Nashville, TN 37203--002

Claire D. Reno
DOWDEN SONGSTAD & WORLEY
6077 Primacy Parkway
Ste. 102
Memphis, TN 38119

Jeffrey S. Price
MANIER & HEROD
150 4th Avenue North
Ste. 2200
Nashville, TN 37219--249

Sam H. Poteet
MANIER & HEROD
150 4th Avenue North
Ste. 2200
Nashville, TN 37219--249

James Craig Oliver
BOULT CUMMINGS CONNERS & BERRY
1600 Division Street
Ste. 700
Nashville, TN 37203--002

Matthew C. Lonergan
BOULT CUMMINGS CONNERS & BERRY
1600 Division Street
Ste. 700
Nashville, TN 37203--002

Sandra C. Isom
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Honorable Bernice Donald
US DISTRICT COURT